IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DARRELL LONGSTON                                                                            PLAINTIFF

v.                                              Civil No.: 4:18-CV-04071

SHERIFF JACKIE RUNION, WARDEN                                                          DEFENDANTS
JEFFIE WALKER, CAPTAIN GOLDEN
ADAMS, SERGEANT ALLEN GRIFFEN,
LIEUTENANT MILLER, CORPORAL
HANNING, and NURSE KING

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his initial Complaint on April 25, 2018. (ECF No. 1). That same day, the Court directed Plaintiff to file an Amended Complaint to clarify his claims against Defendants and to submit an application to proceed *in forma pauperis* (IFP). (ECF No. 2). On May 11, Plaintiff filed his IFP application and Amended Complaint. (ECF Nos. 4, 5). His application to proceed IFP was granted on May 18, 2018. (ECF No. 8).

1

Plaintiff alleges his constitutional rights were violated while he was incarcerated in the Miller County Detention Center (MCDC) as a pretrial detainee. Plaintiff alleges his rights were violated by "inadequate and unsanitary housing." (ECF No. 4 at 4). He alleges that the unsanitary conditions gave him rashes and caused him to have difficulty breathing. (*Id*. at 5). He further alleges Nurse King denied him medical care for his rashes and breathing difficulties "due to the issues I wrote on my sick call request 2,847,633." (*Id*. at 5).

Plaintiff proceeds against Defendants in their official and personal capacity. (*Id*. at 5, 6). Plaintiff seeks compensatory and punitive damages. (*Id*. at 7).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

### A. Jail Conditions

Plaintiff failed to state a plausible claim against any Defendant for "inadequate and unsanitary" conditions at the MCDC. "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *Cty. of Sacramento v. Lewis,* 523 U.S. 833 (1998) (citation omitted). The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. Detention centers must provide pretrial detainees with "reasonably adequate sanitation, personal hygiene, and laundry privileges . . . ." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012) (quoting *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989)). The Eighth Amendment also prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities. *Smith v. Copeland,* 87 F.3d 265, 268 (8th Cir. 1996); *see also Hall v. Dalton,* 34 F.3d 648, 650 (8th Cir. 1994) ("[I]n this circuit, the standards applied to Eighth Amendment and Fourteenth Amendment claims have been the same.").

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004) (*citing Wilson v. Seiter,* 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels,* 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the Plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Id*. The standards against which a court measures prison conditions are "the evolving standards of decency that mark

the progress of a maturing society." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994).

Here, Plaintiff was given instructions regarding what allegations were necessary to state a claim in this matter:

> In the amended complaint, Plaintiff must write short, plain statements telling the Court: (1)the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what the Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); Fed. R. Civ. P. 8. Plaintiff must repeat this process for each person he has named as a Defendant.

(ECF No. 2 at 4).

Despite being given an opportunity to make specific claims in his Amended Complaint, Plaintiff has failed to describe what the alleged inadequate and unsanitary conditions are, whether those conditions posed a risk of serious harm to him or deprived him of a single human need, or how the unidentified conditions were related to his alleged rash and breathing problems. Plaintiff has therefore not provided sufficient facts to state a claim. *See Martin*, 780 F.2d at 1337 (Even a pro se Plaintiff must allege specific facts sufficient to state a claim). In addition, he has failed to allege any specific facts detailing how any of the named Defendants were personally involved with the conditions, or how any Defendant had a sufficiently culpable state of mind to constitute deliberate indifference to the conditions. Without some personal involvement, a Defendant cannot be held liable under § 1983. *See e.g.*, *Mark v. Nix*, 983 F.2d 138, 139-40 (8th Cir. 1993) (section 1983 liability requires some personal involvement or responsibility). Accordingly, Plaintiff failed to state a plausible claim for inadequate and unsanitary jail conditions.

## B. Official Capacity

Even assuming Plaintiff stated a claim for relief, he has failed to state any plausible official capacity claims against any Defendant. According to Plaintiff's Amended Complaint, Defendant Runion is the Sheriff of Miller County. Defendant Walker, Adams, Hanning, and King are identified as employees of MCDC. Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362."

*Gorman,* 152 F.3d at 914.

Plaintiff failed to identify any custom or policy of Miller County or MCDC which violated his rights. He therefore failed to state a plausible official capacity claim against any Defendant.

## IV. CONCLUSION

Accordingly, I recommend that Plaintiff's claims against Defendants Runion, Walker, Adams, Griffen, Miller, and Hanning be DISMISSED WITHOUT PREJUDICE. I further recommend Plaintiff's personal capacity claim for denial of medical care against Defendant King remain for further consideration.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

**DATED** this **7th day of August 2018**.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE