IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DARRELL LONGSTON                                                                      PLAINTIFF

v.                                         Civil No.: 4:18-CV-04071

NURSE KING                                                                           DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to obey two Court Orders and failure to prosecute this case.

**I. BACKGROUND**

On April 25, 2018, Plaintiff was named, along with seventeen other co-Plaintiffs, in a Complaint filed by Clifton Solomon. (ECF No. 1). That same day, the Court entered an Order severing Plaintiff from the original case and opening the current case. (ECF No. 2). This Order directed Plaintiff to file an *in forma pauperis* (IFP) application and an Amended Complaint. This Order advised Plaintiff that his case would be subject to dismissal if he failed to inform the Court of an address change within 30 days from his transfer or release. (*Id.*). On May 18, 2018, the Court granted Plaintiff's application to proceed IFP. (ECF No. 8). This Order again advised Plaintiff his case would be subject to dismissal if he failed to inform the Court of an address change within 30 days from his transfer or release. (*Id.*).

On August 13th, August 14th, and September 10th, 2018, mail sent to Plaintiff was returned undeliverable. Accordingly, Plaintiff had until September 12, 2018, to inform the Court of his new address and has failed to do so. Plaintiff's last communication with the Court in this case was May 11, 2018. (ECF No. 7).

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.  ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to obey the Court's Orders directing him to update his address. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), I recommend that Plaintiff's Complaint should be

dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this this 9th day of October 2018.

      /s/ Barry A. Bryant
      HON. BARRY A. BRYANT
      UNITED STATES MAGISTRATE JUDGE